**RICHARD JASON NOWELL**                          **CIVIL ACTION**

**VERSUS**                                        **NO. 04-0227**

**PETROLEUM FUEL & TERMINAL**                     **SECTION "K"(2)**
**COMPANY**

## ORDER AND OPINION

Before the Court is the "Motion to Disqualify George Gilly as Counsel for Blessey" filed

on behalf of defendants Petroleum Fuel and Terminal Company and Apex Oil Company, Inc. (Doc.

70). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons

assigned, grants the motion in part and denies it in part.

Defendants urge that George Gilly, counsel for Blessey Marine Services, Inc. ("Blessey

Marine"), must be disqualified as counsel for Blessey Marine pursuant to Rule 3.7 of the Louisiana

Rules of Professional Conduct, Rule 3.7(a) of the Model Rules of Professional Conduct and

American Bar Association Code of Professional Responsibility DR 5-102(A) because Mr. Gilly has

indicated that he will be a witness at the trial of this matter.

Local Rule 83.2E of the Uniform Local Rules of the United States District Courts for the

Eastern, Middle, and Western Districts of Louisiana adopts the Rules of Professional Conduct of

the Louisiana State Bar Association with respect to the conduct of counsel. Rule 3.7(a) of both

the Rules of Professional Conduct of the Louisiana State Bar Association and the Model Rules of

Professional Conduct ("Model Rules"), provides that a "lawyer shall not act as advocate at a trial

in which the lawyer is likely to be a necessary witness" except under circumstances not applicable

here. DR 5-102(A) of the ABA's Model Code of Professional Responsibility provides in pertinent

part that "[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial . . . ."

By Mr. Gilly's own admission he will be a witness in the trial of this matter. Thus, it is clear that he may not appear as an advocate at trial for Blessey Marine. There remains however, the issue of the proper scope of Mr. Gilly's involvement in this case prior to trial. Counsel for defendants has advised the Court that there is no objection to Mr. Gilly participating the deposition of Jacob Mingo whose testimony is in no way related to the matters about which Mr. Gilly anticipates testifying as a witness. Therefore, nothing contained in this Order and Opinion shall disqualify Mr. Gilly from representing Blessey Marine at Mr. Mingo's deposition.

Because the applicable rules explicitly proscribe only the lawyer acting as an "advocate at trial" the Court finds that Mr. Gilly is not barred altogether from acting as counsel for Blessey Marine. The primary purpose of Rule 3.7 is to avoid confusion on the part of the fact finder as to the dual role of counsel when he is also a witness. *See Lowe v. Experian*, 328 F.Supp. 2d 1122 (D. Kan. 2004); *see also Main Events Prod., LLC v. Lacy,* 220 F.Supp. 2d 353, 356 (D.N.J. 2002)("The Rule is designed to prevent a situation in which at trial a lawyer acts as an attorney and as a witness creating the danger that the fact finder (particularly if it is a jury) may confuse what is testimony and what is argument, and otherwise creating an unseemly appearance at trial."). Any such confusion is far more likely to occur where the activity engaged in by counsel "includes obtaining evidence, which, if admitted at trial, would reveal the attorney's dual role." *Lowe v. Experian*, 328 F.Supp. 2d at 1127. Therefore, the Court orders that Mr. Gilly shall be disqualified from participating as counsel in any future depositions in this case other than that of Mr. Mingo, at pretrial motions, and at trial. *See Pederson v. Hartford Insurance Company of the Midwest*, 2003

WL 23354482 (D. Utah October 3, 2003). However, because there is little or no likelihood that confusion as to Mr. Gilly's dual role would arise from his participation in non-evidentiary activities Mr. Gilly may continue to participate in "out of court" matters including preparation of pleadings, brief writing, and lending his expertise to trial preparation.

New Orleans, Louisiana, this 20th day of February, 2009.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE